In the Matter of the Claim of YVONNE P. ROGERS, Respondent, against AMERICAN CYANAMID COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by employer and its insurance carrier

from a decision of the Workmen's Compensation Board denying their application for a review of a referee's decision and award of compensation at reduced earning rate and from such decision and award. It is not disputed that claimant contracted pulmonary tuberculosis while working as a laboratory technician for appellant employer. Compensation payments were made until January 31, 1953. Appellants challenge the finding of partial disability after that date as being without substantial medical evidence. After her original disability, claimant returned to and has remained at her home in Nova Scotia. Medical reports disclosed continuing disability with a slow recovery. A report of X-ray examination in November, 1952, stated "No change" with the chest condition "quite satisfactory" and "no reason why she [claimant] cannot lead a quiet normal life. Re-examination requested in six months." At a hearing on January 30, 1953, claimant's attorney reported her as unable to work, and that there was no laboratory work (her normal occupation) in her community. Appellants' attorney commented on the difficulty in obtaining independent medical examination of claimant, suggesting that claimant might arrange to go to some locality where a specialist of their choice could examine her, her expenses to be paid. After suggestions of various cities as the place for such examination, claimant's attorney offered to have her go to such a point, if her expenses were paid. The offer was not accepted. In a letter of February 4, 1953, the superintendent of the Nova Scotia Sanitorium stated that the November, 1952, examination showed some fibrosis and calcification on the right side near the periphery of the lung with no other parenchymal lesion seen and normal diaphragm, that on the left side there were three "discrete" nodules partly obscured by the first rib and also in the first interspace with some linear fibrosis radiating from the hilus outwards to these areas of disease, no recent lesion being seen and no cavity present. He explained that the expression "quiet normal life" meant claimant had reached the stage where she could undertake light normal work such as the duties of a laboratory technician or clerk. "The word 'quiet' was inserted in this recommendation with the understanding that this referred to a limitation of her social engagements so as to avoid undue fatigue." At a subsequent hearing on June 19, 1953, claimant's attorney expressed the thought that claimant would be willing to return to work for the employer, but we find no evidence that the suggestion was accepted. The awards in question were on the basis of reduced earnings by reason of partial disability and the case was continued "until the employer or carrier has evidence * * * of a change of condition". There was sufficient medical evidence in the record to sustain the finding of disability subsequent to January 31, 1953. Decisions and awards unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.